```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

HOBERT WAYNE HUMPHREY,           )
                                 )
    Plaintiff,                   )
                                 )   Civil Action No. 5:05-3-JMH
                                 )
v.                               )
                                 )
SCOTT COUNTY FISCAL COURT,       )   **MEMORANDUM ORDER AND OPINION**
et al.,                          )
                                 )
    Defendants.                  )
                                 )

        \*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on Defendants' motion for summary judgment [Record No. 11]. Plaintiff has responded [Record No. 15], to which Defendants have replied [Record No. 16]. The matter having been fully briefed and the Court being duly advised, this matter is ripe for decision.

**FACTUAL BACKGROUND**

Plaintiff was hired as a deputy sheriff with the Scott County Sheriff's Department in October 1996. On December 28, 2003, Plaintiff was arrested and charged with Hindering Prosecution and Official Misconduct. Subsequently, Plaintiff was placed on administrative leave with pay pending the resolution of those charges. In June 2004, Plaintiff was convicted of those charges. Although Defendants argue that Plaintiff was terminated following his conviction, Plaintiff contends that he was placed on a ninety-day suspension following his conviction. Plaintiff admits that he

1

assumed he was terminated when Defendant Bobby Hammons told him in October 2004 that he could not put Plaintiff back on the road. Plaintiff did not attempt to appeal his termination in any way.

In his complaint before this Court, Plaintiff makes the following claims: (1) He was terminated in violation of his due process rights under the Fourteenth Amendment to the Constitution; (2) He was denied his rights under KRS § 95.765; (3) Defendants acted in an arbitrary manner, in violation of the Kentucky Constitution, when they terminated him; and (4) Defendants violated KRS § 344.020 when they failed to make accommodations for him.

## STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden is met by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Pursuant to Federal Rule of Civil Procedure 56(e), the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). According to *Guarino v. Brookfield Township Trs.*, 980 F.2d 399 (6th Cir. 1992), if the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived and its case wagered." *Id.* at 405. The trial court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* at 407. Therefore, if Defendants meet their burden in moving for summary judgment on the unopposed issues, then summary judgment would be proper. *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

The Court must construe the evidence in the light most favorable to the nonmoving party, in this case, the plaintiff, when deciding whether there is enough evidence to overcome summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The Court's function is not to weigh the evidence, but to decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249.

**DISCUSSION**

In their motion for summary judgment, Defendants argue that Plaintiff's claims under KRS § 95.765 and KRS § 344.040 should be dismissed as a matter of law. In his memorandum in response to Defendants' motion for summary judgment, Plaintiff does not respond to any of Defendants' arguments as to KRS § 95.765 and KRS § 344.040. Plaintiff, in effect, abandons his claim under KRS § 95.765 by conceding that his citation to that statute was in error. As a result, the Court considers Defendants' motion for summary judgment on Plaintiff's claims based on these two statutes as unopposed.

**Violations of State Law**

In his complaint, Plaintiff argues that he was entitled to certain rights guaranteed by KRS § 95.765 prior to his termination. KRS § 95.765 applies to removal of members of police or fire departments in cities of the fourth or fifth classes. Because Plaintiff was employed as a deputy sheriff in the Scott County Sheriff's Department, this statute does not apply to him, and the procedures outlined in this statute are not available to him.

Plaintiff contends that he was wrongfully discharged from his position as a deputy sheriff. Section 344.040(1) provides:

> It is an unlawful practice for an employer . . . to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the person

>    is a qualified individual with a disability, or because
>    the individual is a smoker or nonsmoker, as long as the
>    person complies with any workplace policy concerning
>    smoking . . . .

KRS § 344.040(1) (West 2005). Arguing that Plaintiff has not presented a *prima facie* case under this statute, Defendants contend that Plaintiff has neither alleged that he belongs to a protected class nor presented any evidence to support this claim. The section of Plaintiff's complaint devoted to this claim sets forth confusing allegations. Plaintiff alleges that he suffered emotional injuries while performing his job duties on October 29, 2004, though Plaintiff never returned to work after he was arrested on December 28, 2003. Plaintiff's complaint then describes Defendants' failure to accommodate Plaintiff for his emotional injuries, which Plaintiff argues violated KRS § 344.020. Plaintiff has not come forward with any evidence to support this claim. Construing this set of facts in the light most favorable to Plaintiff, the Court agrees with Defendants on this claim of wrongful discharge and finds that summary judgment is appropriate.

Additionally, in his complaint, Plaintiff claims that Defendants terminated him in violation of Section 2 of the Kentucky Constitution. This section prohibits arbitrary acts by the government. Ky. Const. § 2. Plaintiff has failed to demonstrate that the Defendants' actions were in any way arbitrary or capricious and has not raised any genuine issues of material fact. Because the Court finds that it was not arbitrary or capricious for

5

Defendants to terminate Plaintiff after he had been convicted of Hindering Prosecution and Official Misconduct, summary judgment is appropriate.

## Due Process Violations

In his response to Defendants' motion for summary judgment, Plaintiff only responds to Defendants' argument that Plaintiff has not stated a viable procedural due process claim. Plaintiff alleges that Defendants deprived him of his constitutionally protected right to procedural due process under the Fourteenth Amendment of the United States Constitution when they terminated his employment as a deputy sheriff with the Scott County Sheriff's Department.

The Fourteenth Amendment forbids state actors from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Federal law, 18 U.S.C. § 1983, "provides a remedy for deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). In *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985), the Supreme Court held that government employees with a protectable property interest in their jobs cannot be deprived of that property interest without due process. *Id.* at 538. Mere government employment, however, does not give rise to a property interest. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Only when the employee

6

is "'entitled' to continued employment" does government employment amount to a protected property interest. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997) (quoting *Roth*, 408 U.S. at 577). The employee must be able to "point to some statutory or contractual right conferred by the state which supports a legitimate claim to continued employment." *Id.* To evaluate Plaintiff's claim of a due process violation, the Court utilizes a two-step process. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). If the Court initially determines that the Plaintiff has "a property interest entitled to due process protection," then the Court proceeds to the second step, determining what process is due. *Id.*

The Court must first decide whether the plaintiff has established that he enjoyed a property interest in continued employment as a deputy sheriff. Plaintiff argues that KRS § 70.270 sets forth procedures that protect his continued employment as a deputy sheriff and that Defendants denied him these procedural protections. KRS § 70.270 provides that

> [a]ny deputy sheriff may be removed, suspended, or laid off by the sheriff for any cause which will promote the efficiency of the department. Except when an appointment is revoked during the probationary period described in KRS 70.267(5), the sheriff shall furnish a covered deputy with a written statement of the reason why the action was taken.

KRS § 70.270(1) (West 2005). Pursuant to KRS § 70.270(2), the sheriff's decision to dismiss a deputy sheriff "shall be subject to

7

review by the board at the request of any deputy sheriff affected by the provisions of KRS § 70.260 to 70.273." *Id.*

The language of KRS § 70.270, which specifically provides (1) that a sheriff may remove a deputy sheriff "for any cause which will promote the efficiency of the department" and (2) that a deputy sheriff has the right to request review of the decision in front of the Deputy Sheriff Merit Board, supports the conclusion that Plaintiff had a property interest in continued employment as a deputy sheriff. *Id.* Thus, the Court finds that Defendants could not deprive Plaintiff of this property interest without due process. *See Loudermill*, 470 U.S. at 538.

The next inquiry the Court must undertake is to determine whether Plaintiff received all of the process he was due. Due process requires that the deprivation of property "'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Id.* at 542 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). Plaintiff argues that he was not provided with an adequate pre-termination hearing. KRS § 70.270 does not provide for a pre-termination hearing prior to the removal of a deputy sheriff by a sheriff, and due process does not require that the plaintiff be afforded a full-blown hearing. Under *Loudermill*, as long as there is an adequate post-termination hearing available to the employee, the pre-termination process need not be a formal nor extensive. *See id.* at 542-44. Kentucky law

8

provides a deputy sheriff who has been terminated by a sheriff with the right to protest his or her termination by requesting post-deprivation review by the Deputy Sheriff Merit Board. KRS § 70.270(2).

Plaintiff argues, and Defendants concede, that he did not receive a written statement of the reason why he was terminated, a requirement set forth in KRS § 70.270(1). According to Plaintiff, this failure to comply with that requirement of the statute was a violation of Plaintiff's procedural due process rights. In his deposition, Plaintiff explains that when he met with Defendant Bobby Hammons in October 2004 to "ask about his employment" and "going back to work," Sheriff Hammons said he "could not put [Plaintiff] back on the road." (Pl.'s Dep. 41:5, Aug. 11, 2005.) Plaintiff admits that after his meeting with Sheriff Hammons, Plaintiff assumed that he had been terminated. At that meeting, Plaintiff received oral notice of his termination. The Court notes that prior to that October 2004 meeting, Plaintiff was fully aware of the reasons why he was being terminated. Plaintiff's state court trial for Official Misconduct and Hindering Prosecution apprised him of the evidence against him stemming from his arrest on December 28, 2003. Considering that Plaintiff was fully aware that his arrest led to his being placed on administrative leave and that his conviction led to his termination, the Court does not agree that Defendants' failure to provide a written explanation of

9

the reason why Plaintiff was terminated deprived Plaintiff of any due process protections.

Under KRS § 70.270(2), Plaintiff has the right to request that the Scott County Deputy Sheriff Merit Board review his termination. Plaintiff has not requested a review pursuant to that statute, and Plaintiff offers no explanation as to why he has not requested that the Scott County Deputy Sheriff Merit Board review Sheriff Bobby Hammons's decision to terminate him.  By failing to make that request, Plaintiff waived his due process claim.  *See Farhat v. Jopke*, 370 F.3d 580, 596 (6th Cir. 2004) ("[W]here the employee refuses to participate or chooses not to participate in the post-termination proceedings, then the employee has waived his procedural due process claim.").  Viewing the facts in the light most favorable to Plaintiff, as this Court is required to do, Plaintiff has failed to show that there is a genuine issue for trial as to his claim that his due process rights were violated.

## CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Defendants' motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED**.

This the 9th day of December, 2005.

10



Signed By:
*Joseph M. Hood*
United States District Judge